IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**UNITED STATES WELDING, INC.,** d/b/a **ROCKY MOUNTAIN AIR SOLUTIONS**, a Colorado corporation,

    Plaintiff,

v.

**HIGH COUNTRY GAS & SUPPLY, INC**., a Colorado corporation; **ROBERT M. DISTEL**, an individual; and **DARLENE DISTEL**, an individual,

    Defendants.

## COMPLAINT

Plaintiff United States Welding, Inc., dba Rocky Mountain Air Solutions ("Plaintiff" or "Rocky Mountain Air"), by and through its undersigned counsel, Coan, Payton & Payne, LLC, states as its Complaint against Defendants High Country Gas & Supply, Inc. ("High Country Gas"), Robert Distel and Darlene Distel (collectively, "Defendants") as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a Colorado corporation whose principal place of business is 600 S. Santa Fe Drive, Denver, Colorado 80223.

2.    Defendant High Country Gas is a Colorado corporation whose principal place of business is 1039 Pitkin Avenue, Grand Junction, Colorado 81501.

3.    Defendant Robert M. Distel is an individual residing at 736 Tulip Drive, Grand Junction, Colorado 81506. Upon information and belief, Robert Distel is a co-owner and the President and Chief Executive Officer of High Country Gas.

1

4. Defendant Darlene Distel is an individual residing at 736 Tulip Drive, Grand Junction, Colorado 81506. Upon information and belief, Darlene Distel is a co-owner and the Secretary/Treasurer of High Country Gas.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and the contract between Rocky Mountain Air and High Country Gas.

## II.   GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

8. Plaintiff was founded in 1924. It is a distributor of industrial, medical, specialty, compressed (pressurized) and cryogenic gases including but not limited to oxygen, acetylene, carbon dioxide, nitrogen and argon, throughout the western United States.

9. The gases Plaintiff distributes are stored and transported in specialized gas cylinders owned by Plaintiff and rented or leased to customers and resellers (the "Gas Cylinders").

10. The Gas Cylinders contain gases that can be hazardous, explosive, flammable, corrosive, toxic, and/or otherwise a safety concern, and are therefore highly regulated by the United States Department of Transportation pursuant to the Hazardous Materials Transportation Act, as amended and codified in 49 U.S.C. § 5101, et seq.

11. Because the Gas Cylinders contain gases that can be a safety concern, the Gas Cylinders must be manufactured with specific materials and to within very precise specifications. They are therefore costly to manufacture and purchase.

12. Plaintiff's Gas Cylinders typically have identifying information engraved, stamped, painted, glued or otherwise affixed on or to the cylinders including, but not limited to, metal "neck

rings" that are embossed with the words "U.S. Welding," a distinctive color scheme painted on the cylinders, engraved serial numbers, and/or stickers or stamps with the words "US Welding" or "United States Welding."

13. While Plaintiff receives compensation for the actual gases Plaintiff fills into its Gas Cylinders, a significant source of Plaintiff's income is generated by renting its Gas Cylinders for a "Daily Cylinder Rental Rate" or leasing Gas Cylinders on an annual basis.

14. This business model is meant to: (i) ensure return of Plaintiff's very valuable Gas Cylinders, which are expensive to purchase or replace; (ii) generate income; and (iii) ensure public safety, as discussed below.

15. Plaintiff occasionally rents its Gas Cylinders directly to customers or to entities authorized by Plaintiff to provide Plaintiff's Gas Cylinders to that entity's customers (typically, with such entity charging a rental fee to *its* customers while remaining liable to Plaintiff for the Daily Cylinder Rental Rate). Defendant High Country Gas is such an entity.

16. Plaintiff and Defendant entered into a Cylinder Gas Agreement dated July 7, 2009, a true and correct copy of which is attached hereto as **Exhibit A** (the "Cylinder Gas Agreement" or the "Agreement").

17. Pursuant to Section 5(a) of the Agreement, the Initial Term was for a period of three (3) years.

18. Pursuant to Section 5, subsections (a) and (b) of the Cylinder Gas Agreement, the Agreement would remain in full force and effect from year to year after the expiration of the Initial Term unless terminated upon twelve (12) months prior written notice to the other party.

19. Neither party has terminated the Cylinder Gas Agreement pursuant to Section 5(b) of the Agreement.

20. Pursuant to Section 2(b) of the Agreement, Defendant agreed to pay Plaintiff "rent for the use of each of [Plaintiff's] cylinder(s) in [Defendant's] possession at [Plaintiff's] established rental rates," referred to in the Agreement as the Daily Cylinder Rental Rate, subject to potential price adjustments.

21. Current Daily Cylinder Rental Rates for High Country Gas vary from, by way of example only, $.18 to $3.75 per day, depending on the size and type of cylinder that is being rented.

22. Pursuant to Section 2(b) of the Agreement, "all cylinders delivered hereunder shall be deemed in the possession of [Defendant] except to the extent [Defendant] has in his possession delivery tickets signed by an authorized agent of [Plaintiff] showing redelivery [i.e., return] thereof to [Plaintiff]."

23. Pursuant to the Agreement, Defendant was liable to Plaintiff for the Daily Cylinder Rental Rate until it "redelivered" (returned) the Gas Cylinder(s) to Plaintiff, regardless of whether Defendant kept the Gas Cylinder(s) in its possession or whether Defendant rented the Gas Cylinder(s) to its customers.

24. Pursuant to Section 2(b) of the Agreement, "[t]itle to any rented cylinder(s) delivered to [Defendant] hereunder shall remain in [Plaintiff] at all times and such cylinder(s) shall be filled solely with products sold and delivered to [Defendant] by [Plaintiff]."

25. Pursuant to 49 C.F.R. § 173.301(e), it is a violation of federal law for Defendant to offer for transportation a Plaintiff-owned cylinder to anyone, *unless it is filled by Plaintiff or with Plaintiff's consent*.

26. This regulation and other similar regulations enacted pursuant to the Hazardous Materials Transportation Act were meant to ensure public safety by, among other things, identifying the entity responsible for each hazardous material container and its contents in order

to ensure compliance with all safety regulations (for example, storage, maintenance, transportation and repair) and to hold such entity accountable for such compliance.

27. Plaintiff has never consented to Defendant offering to transport or transporting a Plaintiff-owned cylinder that was not filled by Plaintiff.

28. So long as (i) the Gas Cylinders were filled by Plaintiff; and (ii) Defendant paid the Daily Cylinder Rental Rate to Plaintiff, Defendant could provide Plaintiff's cylinders to its customers (and charge them corresponding rental fees) without violating the Agreement or federal law.

29. Defendant was not authorized by the Agreement, Plaintiff Rocky Mountain Air, or federal law to re-fill Plaintiff's Gas Cylinders.

30. Pursuant to Section 2(b) of the Agreement, Defendant is liable for all "loss of or damage to any cylinder(s) resulting from any cause after delivery thereof to [Defendant] . . ."

31. Since 2009, Defendant has rented thousands of Plaintiff's Gas Cylinders pursuant to the Gas Cylinder Agreement.

32. Plaintiff maintains contemporaneous records of, among other things, who has rented/is renting its Gas Cylinders, how many Gas Cylinders a customer has rented/is renting, and when a Gas Cylinder is "redelivered" (returned) to Plaintiff.

33. According to Plaintiff's contemporaneous records, as of July 2023, Defendant had in its possession, custody and control, and/or is renting more than 570 of Plaintiff's Gas Cylinders.

34. Defendant has failed to pay – and continues to fail to pay – either the Daily Cylinder Rental Rate or the replacement cost of each Gas Cylinder, despite demand.

35. Defendant indicated at one point that Plaintiff's Gas Cylinders were "lost."

36. On October 16, 2023, Defendant returned to Plaintiff ninety-six (96) of Plaintiff's Gas Cylinders.

37. Defendant continues in its failure and refusal to pay the rental charges for those 96 cylinders as of November 27, 2023, and has failed and refuses to pay rental charges on the remaining 476 Cylinders.

38. Many of the 96 cylinders Defendant returned to Plaintiff on October 16, 2023, have had the labels required by the United States Department of Transportation removed, as well as other identifying information removed.

39. Defendant offered at one point to buy Plaintiff's Gas Cylinders at a steep discount, stating that it had paid "so much" in rental charges already.

40. Plaintiff's Gas Cylinders are not for sale.

41. Plaintiff has informed Defendant that its Gas Cylinders are not for sale.

42. Rather than return Plaintiff's Gas Cylinders or pay the Daily Cylinder Rental Rate to Plaintiff, Defendant has converted and continues to convert Plaintiff's Gas Cylinders and misrepresent that they belong to High Country Gas by, among other things:

   a. placing "High Country Gas & Supply" stickers over Plaintiff's identifying information, then filling and renting, leasing or selling them to its customers, in direct violation of the Agreement and federal law;

   b. grinding off, scraping off, and/or painting over the unique color scheme on Plaintiff's Gas Cylinders then filling and renting, leasing or selling them to its customers, in direct violation of the Agreement and federal law;

   c. grinding or scraping off Plaintiff's identifying labels and replacing them with High Country Gas labels, then filling and renting, leasing or selling them to its customers, in direct violation of the Agreement and federal law;

   d. removing Plaintiff's identifying embossed metal "neck rings" from Plaintiff's Gas Cylinders and covering over it with paint, stickers, and/or gluing on blank neck rings, then filling and renting, leasing or selling them to its customers, in direct violation of the Agreement and federal law; and

      e. otherwise erasing/defacing/removing Plaintiff's identifying information and covering over/replacing it with Defendant's identifying information, then filling and renting, leasing or selling them to its customers, in direct violation of the Agreement and federal law.

43. At times, Defendant's customers have attempted to return to Plaintiff, for credit, Plaintiff's Gas Cylinders with High Country identifying information on the cylinders.

44. At times, Defendant's customers have called Plaintiff and notified Plaintiff of Defendant's actions.

45. Upon information and belief, Defendant has converted other gas distributors' gas cylinders in a similar manner, establishing a pattern and practice of converting gas cylinders.

46. Defendant Robert Distel has participated in, directed, and/or is aware of the actions set forth herein.

47. Defendant Robert Distel has conspired with others to engage in the acts set forth herein.

48. Defendant Darlene Distel has participated in, directed, and/or is aware of the actions set forth herein.

49. Defendant Darlene Distel has conspired with others to engage in the acts set forth herein.

50. Pursuant to Section 11 of the Agreement, the prevailing party in a legal action is entitled to its reasonable attorney's fees and costs in the event an action is instituted to enforce the terms of the Agreement or in connection with such a breach.

51. Pursuant to Section 12 of the Agreement, the parties agreed to submit to the exclusive jurisdiction and venue of any court of the State of Colorado located in Denver County.

## III. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT – DEFENDANT HIGH COUNTRY GAS)

52. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

53. Plaintiff hereby incorporates the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

54. Plaintiff and Defendant High Country Gas entered into the Gas Cylinder Agreement.

55. Defendant High Country Gas has breached and continues to breach the Gas Cylinder Agreement by engaging in the actions set forth herein.

56. As a direct and proximate result of Defendant's breaches, Plaintiff has been damaged in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (CONVERSION – ALL DEFENDANTS)

57. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

58. Without authorization, Defendants Robert Distel and Darlene Distel caused – and continue to cause – Defendant High Country Gas to exercise dominion or ownership over Plaintiff's Gas Cylinders, thereby converting Plaintiff's property to Defendants' own use and depriving Plaintiff of its lawful property.

59. As a result of Defendants' conversion of Plaintiff's property, Plaintiff has suffered and will continue to suffer injury and damage in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (DEBT ON ACCOUNT – DEFENDANT HIGH COUNTRY GAS)

60. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

61. Defendant High Country Gas's total debt due and owing to Plaintiff under the terms of the Gas Cylinder Agreement is readily ascertainable per the terms of said Agreement.

62. Plaintiff fully performed its obligations under the terms of the Gas Cylinder Agreement and all conditions precedent to enforcement of the Agreement have occurred.

63. Defendant High Country Gas has not paid its debt due to Plaintiff pursuant to the Agreement.

64. Plaintiff has suffered damages directly resulting from Defendant High Country Gas's failure to pay its debt due to Plaintiff pursuant to the Agreement.

## FOURTH CLAIM FOR RELIEF
### (CIVIL CONSPIRACY– DEFENDANTS ROBERT DISTEL AND DARLENE DISTEL)

65. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

66. Defendants Robert Distel and Darlene Distel agreed between them, by words or conduct, to convert the Gas Cylinders as set forth herein.

67. One or more unlawful acts were and continue to be performed to accomplish this goal.

68. Plaintiff has suffered damages as a result of Defendant Robert Distel and Defendant Darlene Distel's unlawful acts, in an amount to be proven at trial.

69. Plaintiff's damages were caused by the acts performed to accomplish the goal.

## FIFTH CLAIM FOR RELIEF
### (VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1964(c))

70. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

71. By engaging in the acts set forth herein, Defendants have engaged in a pattern of criminal behavior conducted over a substantial period of time.

72. By engaging in the acts set forth herein, Defendants conspired to participate in an enterprise with income derived from a pattern of racketeering activity.

73. By engaging in the acts set forth herein, Defendants have participated and are participating in an enterprise with income derived from a pattern of racketeering activity.

74. Plaintiff is entitled to treble damages as a result of Defendants' unlawful activities as set forth herein, in violation of 18 U.S.C. § 1964(c).

75. Plaintiff's damages were caused by Defendants' enterprise.

## SIXTH CLAIM FOR RELIEF
### (PIERCING THE CORPORATE VEIL – ROBERT DISTEL AND DARLENE DISTEL)

76. Plaintiff hereby incorporates all other allegations in this Complaint as if fully set forth herein.

77. Upon information and belief, Defendants Robert Distel and Darlene Distel are the sole owners of High Country Gas.

78. Defendants Robert Distel and Darlene Distel and Defendant High Country Gas are alter egos of each other because High Country Gas was used by Defendants Robert Distel and Darlene Distel to perpetrate a fraud or accomplish a wrongful purpose as set forth herein.

79.   Justice requires that the substance of the relationship between High Country Gas and Defendants Robert and Darlene Distel be recognized over the substance of the alleged corporate formalities and that Robert and Darlene Distel be personally liable for the acts committed by High Country Gas.

WHEREFORE, Plaintiff requests a judgment in its favor on all claims and damages thereon, an award of attorney's fees and costs, all jointly and severally against all Defendants, and for such other and further relief as the Court deems proper.

Respectfully submitted this 6th day of December, 2023.

COAN, PAYTON & PAYNE, LLC

/s Julie Trent
By:  Julie Trent, #17086
*Attorneys for Plaintiff*

Address of Plaintiff:

600 S. Santa Fe Drive
Denver, Colorado 80223

*1133363.v1*